United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 26, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41568
Summary Calendar

_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

ROGER ERVIN HITCHCOCK

Defendant - Appellant

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:03-CR-664-02
---------------------

Before KING, Chief Judge, and HIGGINBOTHAM and PRADO, Circuit
Judges.

PER CURIAM:[*]

Roger Ervin Hitchcock appeals his conviction and sentence
for the transportation of illegal aliens within the United
States. He asserts that the evidence is insufficient to support
his conviction because it did not establish his involvement in a
conspiracy. Because Hitchcock's motion for a judgment of
acquittal at the close of the evidence challenged only whether
the evidence established that he committed the offense for
financial gain, we review his conspiracy-participation argument

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to determine "whether . . . the record is devoid of evidence pointing to guilt."  United States v. Herrera, 313 F.3d 882, 885 (5th cir. 2002)(en banc)(internal quotation marks omitted); cert. denied, 537 U.S. 1242 (2003).  We have reviewed the record and the arguments of the parties, and we conclude that the record is not devoid of evidence supporting a conclusion that Hitchcock knowingly participated in and aided the alien transportation. See id.

Hitchcock also asserts that the evidence was insufficient to support a finding that he engaged in the transportation scheme for financial gain or commercial advantage.  As Hitchcock was tried and convicted under a theory of aiding and abetting, the district court should not have instructed the jury as to the financial-gain element.  See United States v. Nolasco-Rosas, 286 F.3d 762, 767 (5th Cir. 2002).  However, any error is harmless, as Hitchcock's sentence did not exceed the statutory maximum of five years of imprisonment for aiding and abetting in the transportation of illegal aliens.  See 8 U.S.C. § 1324(a)(1)(A)(v)(II), (B)(ii); Nolasco-Rosas, 286 F.3d at 767. The judgment of the district court is thus AFFIRMED.